OAO91 (Rev. 12/03) Criminal Complaint

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
V.
JULIO CABRERA
57 Fletcher St., 1st Floor
Central Falls, RI 02863

(Name and Address of Defendant)

CRIMINAL COMPLAINT

Case Number: 1:06M118A

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about 1/24/06 & 2/3/06 (Date) in Providence County, in the ______ District of Rhode Island defendant(s) did,

(Track Statutory Language of Offense)

SEE ATTACHED COMPLAINT

in violation of Title 21 United States Code, Section(s) 841(a)(1) & (b)(1)(B)(iii).

I further state that I am a(n) Task Force Agent (Official Title) and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

[signature]
Signature of Complainant

Task Force Agent Dennis R. Smith
Printed Name of Complainant

Sworn to before me and signed in my presence,

11/1/06 at Providence RI
Date City State

Lincoln D. Almond US Magistrate Judge [signature]
Name of Judge Title of Judge Signature of Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. 1:06M118A |
| vs. | ) | In violation of 21 U.S.C. |
| | ) | §§ 841(a)(1) and (b)(1)(B)(iii) |
| | ) | |
| JULIO CABRERA | ) | |

**COMPLAINT**

The United States Attorney charges that:

**COUNT 1**

On or about January 24, 2006, in the District of Rhode Island, the Defendant, JULIO CABRERA, did knowingly and intentionally possess with intent to distribute and distribute, 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II Controlled Substance,

All in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B)(iii).

**COUNT 2**

On or about February 3, 2006, in the District of Rhode Island, the Defendant, JULIO CABRERA, did knowingly and intentionally possess with intent to distribute and distribute, 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II Controlled Substance,

All in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B)(iii).

AFFIDAVIT

I, Dennis R. Smith, having been duly sworn, state as follows:

1. I am a Task Force Agent with the Drug Enforcement Administration ("DEA") and have been assigned to the DEA for the last two years. I have been and remain a Detective with the Pawtucket Police Department since September 2002. I have been a Pawtucket Police Officer since 1998. The information set forth in this affidavit is based on my personal knowledge, statements by witnesses, including a Confidential Source ("CS") working for the DEA who has proved reliable in the past, my review of records, and conversations with various members of law enforcement.

2. This affidavit is submitted in support of a criminal complaint charging JULIO CABRERA with two counts of distributing 5 grams or more of cocaine base, a Schedule II Controlled Substance in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B)(iii). This affidavit is intended to be a summary to establish probable cause and does not set forth all of the information known to me nor the operational details of the investigation.

3. The CS has been paid for his services and information, both for his work in this case and in other matters by the DEA since 2001. The CS has pled guilty to drug distribution charges in U.S. District Court in the District of Rhode Island. He received a downward departure pursuant to USSG § 5K1.1 in that

case and was deported. After deportation, the CS was readmitted into the United States with the help of the DEA and has been told the DEA would assist him in obtaining a VISA if he continues to provide truthful cooperation.

4. On or about January 24, 2006, working at the behest of the DEA, the CS arranged to buy (1) ounce of cocaine base from defendant, JULIO CABRERA, in exchange for $1,000.00. On January 24, 2006, prior to meeting with CABRERA, the CS and the vehicle he was operating were searched by me and other agents with negative results. I gave the CS $1,000.00 and he was continuously surveilled until arriving at 560 Prospect Street, Apartment 271, Pawtucket, RI. That apartment, procured by the DEA, was being used by the CS at my direction. JULIO CABRERA was observed entering the apartment a short time after the CS arrived. CABRERA stayed for a few minutes and then left. He returned shortly thereafter and provided the CS with one ounce of cocaine base in exchange for $1,000.00. The CS took the narcotics, visible to me on the video, and placed them in a lock box I had previously provided him. The drugs were retrieved from the box by me, and field tested positive for cocaine. DEA laboratory analysis later identified the substance as 27.1 grams of cocaine base. The transaction was video and audio recorded. All of the conversations took place in Spanish. I do not speak or understand the Spanish language. It is apparent to me from

viewing the surveillance tapes, it appears to me that the conversation related to the sale of cocaine. CABRERA was identified by me through a Pawtucket Police file photograph which I compared to the surveillance video.

5. On or about February 3, 2006, again working at my behest, the CS arranged to buy another ounce of cocaine base from the defendant for $1,000.00. The defendant, JULIO CABRERA, again came to the apartment described in the preceding paragraph, which was under surveillance by the DEA and occupied by the CS. Prior to the CS arriving at the apartment, he and his vehicle were searched by me with negative results. I then gave him $1,000.00 for the transaction. While in the apartment, I watched on video the defendant hand the CS a package of suspected narcotics. Again, the drugs were placed in a lock box provided by me. When I retrieved the box, I field tested the substance in it, and it tested positive for cocaine. Subsequent analysis by DEA laboratory technicians revealed that it contained 27 grams of cocaine base.

6. Based on the foregoing, there is probable cause to believe that on January 24, 2006 and February 3, 2006, the defendant, JULIO CABRERA, distributed 27.1 grams and 27.0 grams

of cocaine base, respectively, all in violation of 21 U.S.C. §§ 841(a)(1) and(b)(1)(B)(iii).

Dennis R. Smith
Task Force Agent
Drug Enforcement Administration

Subscribed and sworn to
before me this 1st day
of November, 2006 at
Providence, Rhode Island.

LINCOLN D. ALMOND
U.S. Magistrate Judge