**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case Number: 07-00077ML** |
| | : | |
| **JULIO CABRERA** | : | |

# DEFENDANT'S SENTENCING MEMORANDUM

## FACTS

On August 24, 2007, the Defendant appeared before the Honorable Mary M. Lisi, Chief United States District Judge for the District of Rhode Island, and pled guilty to a two count Indictment alleging two incidents of unlawful distribution of cocaine base to an undercover agent. The total amount of cocaine base involved in this case is 54.1 grams.

The Honorable Court ordered the United States Probation Office ("Probation") to prepare a Pre-Sentence Investigation Report ("PSI") and scheduled a sentencing hearing for the Defendant to be held on November 16, 2007. Probation subsequently prepared two PSI reports for the Honorable Court. The initial PSI was dated October 12, 2007. Probation also prepared a revised PSI dated November 7, 2007. The revised PSI established a base offense level of 30. The base offense level was reduced by two levels from the initial PSI base offense level thereby affording the Defendant the benefit of the revised sentencing guidelines effective November 1, 2007. The revised PSI also established a Criminal History Category I for the Defendant.

Further, the Defendant received a two point downward "safety-valve" adjustment establishing a base offense level of 28. The Defendant also received a further downward

adjustment of three points for his acceptance of responsibility. Thus, the revised PSI established a total offense level of 25, Criminal History Category I, Guideline Sentencing Range of 57-71 months incarceration.

At the Defendant's sentencing hearing on November 16, 2007, despite numerous previous discussions with Counsel regarding the advisability of filing a motion with the Honorable Court for a further downward departure from the established guideline sentencing range, the Defendant for the first time requested that Counsel petition the Honorable Court for a further downward departure from the established guideline range. The Honorable Court entertained a brief oral motion on behalf of the Defendant and further advised that it would reschedule the Defendant's Sentencing hearing for November 30, 2007 to allow Counsel for the Defendant time to file a Sentencing Memorandum.

**LEGAL ANALYSIS**

Since the United States Supreme Court's decision in ***United States v. Booker, 543U.S. 220, 125 S.Ct. 738160 L.Ed.2d 621 (2005)***, the Federal Sentencing Guidelines ("Guidelines") are no longer mandatory and United States District Court judges now have considerable authority and latitude to fashion what each court determines is an appropriate sentence for each criminal defendant. Further, the sentencing court must first determine that the sentencing guideline range is calculated correctly and it is also required to consider the sentencing factors set out in 18 U.S.C. § 3553 (a). ***See United States v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006) (en banc), cert. denied, --U.S.--, 127 S.Ct. 928, 166 L.Ed.2d 715(2007)***.

Pursuant to 18 U.S.C. § 3553 (a) the sentencing court must consider the following factors in fashioning an appropriate sentence for a Defendant:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines Range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. Further, the First Circuit Court of Appeals has held that a sentence must be "reasonable" and the sentencing court must offer a "plausible explanation" and reach a "defensible overall result". ***Jimenez-Beltre*, at 519**.

In the instant case before it, the Honorable Court is presented with a Defendant born in the Dominican Republic to a family of modest means. The Defendant is the recipient of an eighth grade education in the Dominican Republic and, admittedly, entered the United States illegally. The Defendant also entered the United States with minimal vocational and/or job skills. The Defendant did take affirmative steps to become a legal permanent resident of the United States in 2005.

Further, the Defendant, until the time of his arrest in the present case before the Honorable Court, was never previously arrested and/or detained for another criminal offense and maintained at least some modest level of employment. It is the stated intention of the Defendant to take full advantage of the vocational and rehabilitative opportunities afforded to him while in the custody of the Bureau of Prisons in order to

learn and acquire job skills and be able to engage and be employed in a meaningful and legal vocation by the conclusion of his term of incarceration. It is expected that the Defendant shall be deported to the Dominican Republic at the conclusion of his term of incarceration.

This Honorable Court has numerous times exhorted and admonished defendant's who have appeared before it to take full advantage of the vocational and job skills training offered by the Bureau of Prisons. The Defendant is fully aware that he must henceforth maintain lawful and gainful employment in order to better provide for his wife and five children whether they continue to reside in the United States or re-locate with him to the Dominican Republic. The Defendant is aware that obtaining meaningful employment upon his release from his term of incarceration is required if his family is to have any realistic chance of eliminating its present need of public assistance.

The Defendant, during the exercise of his right of allocution, also intends to attempt to assure the Honorable Court that he is contrite and will not re-offend. ***United States v. Robinson, 433 F.3d 31, 38 (1st Cir. 2005); (A finding by the District Court that the Defendant is not likely to re-offend is not clearly erroneous and is a factor that may be considered by the sentencing court)***. "Real contrition and a likelihood of not re-offending can be something more. From the standpoint of the public, re-offense is a major concern when a defendant is sentenced for a serious crime; and contrition is sometimes a proxy for a reduced likelihood of re-offense." ***United States v. Milo, ---F.3d---, 2007 WL 3148431 (C.A.1(Mass.))***. The Defendant is fully aware that it is deeds and not mere words that are the better barometer to gauge true contrition. However, it is the contention of the Defendant that the Honorable Court can draw an honest inference in

his favor by virtue of the fact that the Defendant is before it for the first time, and has not shown any other indicia, prior to his commission of the instant offenses before the Honorable Court, of a likelihood of re-offending.

The Defendant also respectfully requests that the Honorable Court consider sentencing him under 18 U.S.C. § 3553 (f). The Defendant and his Counsel are aware that due to the application of the "safety-valve" pursuant to §5C1.2 of the sentencing guidelines there is no statutory minimum mandatory sentence the Honorable Court must impose in the instant case.

However, it is the respectful contention of the Defendant that 18 U.S.C. § 3553 (f) is also applicable to the present case and that the Defendant meets the criteria specified in the statute. The Defendant does not have more than one criminal history point and the Defendant did not use violence or possess a firearm or other dangerous weapon in connection with the instant offenses. Further, the offenses did not result in death or serious bodily injury to any person. The Defendant was not an organizer, leader, manager or supervisor of others in the present offenses and the Defendant has truthfully provided to the Government all information and evidence the Defendant has concerning the offense.

Therefore, the Defendant respectfully requests that the Honorable Court consider a downward departure of two base offense levels, establishing in the present matter before the Honorable Court a total offense level of 23, Criminal History Category I, Guideline Sentencing Range of 46 to 57months incarceration. The Defendant respectfully contends that such a sentence reflects the seriousness of the offenses committed and promotes a healthy respect for the law. Further, such a sentence affords

adequate deterrence to similar criminal conduct of others and protects the public from any further crimes of the Defendant. The Defendant also respectfully maintains that such a sentence is reasonable under the given facts and circumstances of the instant case and reaches a defensible overall result. ***Booker*, at 261**. **;** ***Jiminez-Beltre*, at 519**.

Respectfully submitted,
Defendant, JULIO CABRERA
By and through his Attorney,

/s/ Matthew B. Smith

Matthew B. Smith, Esq. (#4120)
1206 Westminster Street
Providence, Rhode Island 02909
(401) 272-7277
(401) 454-5557 {fax}

**CERTIFICATION**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 21, 2007.

/s/ Matthew B. Smith, Esq.